IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRUSTEES OF THE LABORERS'**
**DISTRICT COUNCIL AND**
**CONTRACTORS' PENSION FUND**
**OF OHIO**

        **Plaintiff,**

                              Civil Action 2:16-cv-110
    vs.                            Judge Graham
                              Magistrate Judge King

**CONCRETE RESTORATION**
**SPECIALISTS, LLC,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

This is an action by a multiemployer pension plan and its trustees asserting a claim for withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq.*, in the amount of $815,934.00, plus accrued interest on that amount, liquidated damages, costs, and attorneys' fees. *Amended Complaint*, ECF No. 2. Defendant Concrete Restoration Specialists, LLC ("defendant"), was properly served with process. *Order,* ECF No. 12. Defendant failed to plead or otherwise properly defend, *see id.,* and the Clerk entered defendant's default pursuant to Fed. R. Civ. P.

55(a) on June 16, 2016. *Clerk's Entry of Default*, ECF 13. This matter is now before the Court on *Plaintiffs' Motion for Default Judgment against Defendant Concrete Restoration Specialist, LLC*, ECF 15 ("*Motion for Default Judgment*").

Matthew A. Archer, the Administrative Manager of the Laborers' District Council and Contractors' Pension Fund of Ohio, *Affidavit of Matthew A. Archer*, ¶ 1, Exhibit 1, attached to *Motion for Default Judgment* ("*Archer Affidavit*"), avers that defendant executed a collective bargaining agreement ("CBA") with the union, pursuant to which defendant was obligated to submit contributions to the pension fund on behalf of its laborers. *Id*. at ¶¶ 4-5. By December 31, 2013, defendant effectuated a complete withdrawal from the pension fund. *Id*. at ¶ 6. Defendant was notified of its withdrawal liability, *id*. at ¶ 7, but failed to either challenge the assessment of withdrawal liability or to pursue its rights under the plan documents in connection with that liability, *id.* at ¶ 8-11. *See also Excerpts of Plan Documents*, attached to *Archer Affidavit*.

Plaintiffs have established that defendant owes $815,934.00 in withdrawal liability. *Id.* at ¶ 14. The plan documents provide for interest on this amount, *id*. at ¶ 15, which is to be calculated at the prime rate in effect in April of each year after judgment is entered, as determined by JPMorgan Chase Bank,

2


N.A., which is currently 3.50% *per annum*. *Id.* at ¶ 16. Plaintiffs are also entitled under the plan documents to liquidated damages of 20% of the principal amount of withdrawal liability, and interest thereon, *id.* at ¶ 19, which amounts to $163,186.80. *Id.* at ¶ 20.

Plaintiffs have therefore established that they are entitled to judgment in the amount of $979,120.80 and interest on the unpaid balance (including accrued interest) at the prime rate in effect in April of each year after judgment is entered, as determined by JPMorgan Chase Bank, N.A.

Accordingly, it is **RECOMMENDED** that the *Motion for Default Judgment*, ECF 15, be granted and that the Clerk enter judgment as follows:

> Judgment is hereby rendered in favor of plaintiffs and against defendant Concrete Restoration Specialists, LLC, in the amount of $979,120.80 (*i.e.,* $815,934.00 in withdrawal liability and $163,186.80 in liquidated damages), plus interest at the rate of 3.50% from April 5, 2016; and for each succeeding 12-month period that any amount in default remains unpaid, interest on the unpaid balance (including accrued interest) at the prime rate (as determined by JPMorgan Chase Bank, N.A.) in effect on April 1st of each year after judgment is rendered.

Plaintiffs should file their motion for costs and attorneys' fees within 45 days of entry of judgment. *See* S.D. Ohio Civ. R. 54.2.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file

and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                              *s/Norah McCann King*
                                                 Norah M$^c$Cann King
                                   United States Magistrate Judge

July 25, 2016